UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ANTHONY BAH, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 23-10021-IT |
| | * | |
| CORRECTIONAL OFFICER DAVIS, | * | |
| | * | |
| Defendant. | * | |

ORDER

April 6, 2023

TALWANI, D.J.

On January 4, 2023, *pro se* Plaintiff Anthony Bah, who was then confined at Barnstable County House of Correction ("BCHOC"), filed a Complaint [#1] in which he alleges that a correctional officer at the facility used excessive force against him. Plaintiff filed this action without paying the $402 filing fee[1] or filing a motion for leave to proceed without prepayment of the filing fee (commonly referred to as a motion for leave to proceed *in forma pauperis*). Plaintiff did file an Account Summary [#4] which identifies all the deposits and withdrawals from his account at BCHOC from May 24, 2022, through December 22, 2022.

On January 5, 2022, the court ordered Plaintiff to pay the filing fee or file a motion for leave to proceed without prepayment of the filing fee within twenty-one (21) days. Order [#6]. The court explained that, even though Plaintiff had filed a prison account statement, he was still required to file a separate motion in order to proceed *in forma pauperis*. The court directed the clerk to provide Plaintiff an "Application to Proceed in District Court without Prepayment Fees

---

[1] The fee for filing a non-habeas civil action consists of a $350 statutory filing fee, see 28 U.S.C. § 1914(a), and a $52 administrative fee.

or Costs" ("Application"), which is treated as a motion for leave to proceed *in forma pauperis*.

The court also explained that, even where a prisoner plaintiff is allowed to proceed *in forma pauperis*, the prisoner is still required to pay the $350 statutory filing fee over time, see 28 U.S.C. § 1915(b)(1)-(2), even if his complaint is dismissed upon an initial screening. See 28 U.S.C. §§ 1915(e)(2) and 1915A (providing for the dismissal of a prisoner or *in forma pauperis* complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief).

On January 30, 2023, the copy of the Order [#6] that the clerk had mailed to Plaintiff at BCHOC was returned as undeliverable [#7].[2] On April 3, 2023, Plaintiff filed a Letter [#8] indicating that he is now confined at Plymouth County Correctional Facility ("PCCF"). In light of Plaintiff's transfer to PCCF, the court will give him additional time to resolve the filing fee. Plaintiff is cautioned, however, that any future changes of address must be promptly reported to the court.

Accordingly, if Plaintiff wishes to proceed with this lawsuit, he must, within twenty-one (21) days, either (1) pay the $402.00 filing fee; or (2) file a completed Application. Failure of Plaintiff to comply with this directive will result in dismissal of this action without prejudice. The clerk shall provide Plaintiff with a blank Application.

IT IS SO ORDERED.

                                            /s/ Indira Talwani
                                            United States District Judge

April 6, 2023

---

[2] Under the court's Local Rules, Plaintiff was obligated to notify the clerk of his new address within 14 days of the change. See L.R. 83.5.5(h) (D. Mass.). Further, "[a]ny notice sent by the clerk or any party to a *pro se* party shall be deemed delivered and properly served if sent to the most recent address or e-mail address provided by the pro se party." Id.